IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| JAMES ALDERSON, | Case No. 3:16-cv-02063-SU |
| Plaintiff, | |
| v. | **FINDINGS AND RECOMMENDATIONS** |
| NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security, | |
| Defendant. | |

SULLIVAN, United States Magistrate Judge:

Pro se plaintiff James Alderson brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"). The Commissioner denied plaintiff Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Act. 42 U.S.C. §§ 401 *et seq.*, 1381 *et seq.* Plaintiff also moves to remand due to an allegedly incomplete administrative record. (Docket No. 20). For the following reasons, the

Court should DENY plaintiff's "Request for Immediate Remand Due to Incomplete Medical Record for Social Security Claim." On the merits of plaintiff's action for judicial review, the Court should REVERSE the Commissioner's decision and REMAND for further proceedings.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed for SSI and DIB on August 16, 2013, alleging a disability onset date of December 31, 2006. Tr. 79, 196-208.[1] These claims were denied initially on February 5, 2014, and upon reconsideration on November 6, 2014. Tr. 78-99, 100-29. On November 24, 2014, plaintiff requested a hearing, Tr. 150-51, which was held April 20, 2016, in Portland, Oregon, before Administrative Law Judge ("ALJ") Rudolph M. Murgo, Tr. 40-77. Plaintiff appeared and testified, represented by counsel; a vocational expert ("VE"), Nancy Bloom, also testified. *Id.* On May 12, 2016, the ALJ issued a decision finding plaintiff not disabled under the Act and denying him SSI and DIB. Tr. 22-34. Appeals Council review was denied August 31, 2016. Tr. 1-7, 18. Plaintiff then sought review before this Court.

Plaintiff filed his Opening Brief on the merits on July 12, 2017. (Docket No. 18). On August 30, 2017, plaintiff filed his Motion to Remand. (Docket No. 20). The Motion reads:

> To Whom It May Concern,
>
> The evidentiary material provided to me by Special Assistant U.S. Attorney Nelson does not contain all of the medical records pertinent to my social security claim.
>
> ALJ Rudolph Murgo did not fully develop the record; therefore the case should be immediately remanded.
>
> Respectfully,
> James E. Alderson
> Pro Se

---

[1] Citations "Tr." refer to indicated pages in the official transcript of the Administrative Record filed with the Commissioner's Answer. (Docket Nos. 13, 14).

*Id.*, at 2. Defendant filed her opposition to the Motion on September 13, 2017 (Docket No. 21), and her Response Brief on the merits on September 15, 2017 (Docket No. 22). On September 29, 2017, plaintiff filed a Reply on both the merits and the request for remand. (Docket No. 23).

## FACTUAL BACKGROUND

Plaintiff was born in 1970. Tr. 196. He has worked as a transmission repairer. Tr. 51. Plaintiff was in Oregon state prison from 2009 until 2013, where he earned his G.E.D. Tr. 46-52. He is homeless, lives outdoors in a tent, and receives food stamps. Tr. 44-45, 50, 56.

Plaintiff suffers from degenerative disc disease of the lumbar and cervical spine, with a history of cervical discectomy and fusion, and two lumbar spine surgeries. Tr. 299, 456, 490, 518, 797. He has a history of hepatitis C or chronic liver disease, and of glaucoma. Tr. 61, 437, 456, 485, 503. He claims to suffer from numerous other conditions, including fluctuating blood pressure, insomnia, wrist problems, and heart attacks. Tr. 54, 307, 322, 503-04, 511, 575. As a result of these conditions, he suffers from chronic pain. Tr. 326, 437, 455, 511, 770. Plaintiff used heroin for five years, until 2009, and other drugs. Tr. 501, 505, 639.

## LEGAL STANDARDS

### I.     Remand Due to Allegedly Incomplete Medical Record

"As part of the Commissioner's answer" in an action for judicial review, "the Commissioner . . . shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g).

The plaintiff has the burden of developing the administrative record, including medical evidence. 20 C.F.R. §§ 404.1512(a), 416.912(a) ("You must inform us about or submit all evidence known to you . . . " including "[o]bjective medical evidence" and "[o]ther evidence from medical sources."). The ALJ is only responsible to "develop [the plaintiff's] complete

medical history for at least the 12 months preceding the month in which [he] file[d] [his] application." *Id.* §§ 404.1512(d), 416.912(d). "An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massasnari*, 276 F.3d 453, 459-60 (9th Cir. 2001). The ALJ has no duty to develop the record based solely on speculation that further development would establish disability. *Id.* at 459-63 & n.4.

## II. Judicial Review of the Commissioner's Decision

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must

demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden

shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

**THE ALJ'S DECISION**

The ALJ first found that plaintiff met the insured status requirements of the Act through December 31, 2011. Tr. 24. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. *Id.* At step two, the ALJ found that plaintiff had the severe impairment of degenerative disc disease of the lumbar spine and cervical spine, but that various other conditions, including glaucoma, were not severe. Tr. 24-25. At step three, the ALJ found that plaintiff did not have an impairment or combination thereof that met or equaled a listed impairment. Tr. 27. The ALJ found that plaintiff had the RFC to perform light work, with various physical restrictions. *Id.* The ALJ gave limited weight to certain doctors' opinions, including those of treating physician James Kern, M.D. Tr. 30, 32. At step four, the ALJ found plaintiff unable to perform any past relevant work. Tr. 32. At step five, the ALJ found that plaintiff could successfully adjust to jobs that exist in significant numbers in the national economy, such as mail sorter, office helper, and storage facility rental clerk. Tr. 34. The ALJ therefore found plaintiff not disabled under the Act and not entitled to benefits. *Id.*

**ANALYSIS**

**I.    Motion to Remand**

Plaintiff moves to remand, claiming that the ALJ failed to develop fully the Administrative Record, which is allegedly missing certain medical records. (Docket No. 20).

The Administrative Record was certified by Nancy Chung, "Chief, Court Case Preparation and Review Branch 1, Office of Appellate Operations, Office of Disability Adjudication and Review, Social Security Administration." Tr. 1 ("The undersigned . . . hereby certifies that the documents annexed hereto constitute a full and accurate transcript of the entire record of proceedings relating to this case."). This creates a presumption that the Social Security Administration acted properly and with regularity in compiling the Administrative Record, and that it is complete. *See Kohli v. Gonzales*, 473 F.3d 1061, 1068 (9th Cir. 2007) ("In the absence of clear evidence to the contrary, courts presume that public officers properly discharge their duties . . . ." (quotation omitted)); *Jet Inv., Inc. v. Dep't of Army*, 84 F.3d 1137, 1140 n.8 (9th Cir. 1996) (observing that, because the former division director "submitted to the district court a certified copy of the administrative record before him at the time he determined [plaintiff's] eligibility for disadvantaged status," "the complete administrative record is included in the district court clerk's record").

Defendant filed a certified copy of the Administrative Record on April 13, 2017. (Docket No. 14). A print copy was also served by UPS to plaintiff. (Docket No. 17).

The Administrative Record appears to contain medical records for the 12 months before the August 2013 benefits application filing date, satisfying the ALJ's initial obligation to develop the record. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a). Plaintiff makes only the conclusory assertion that the medical record is incomplete. Plaintiff presents no contention, argument, or evidence to support this. This is insufficient to show that the record is incomplete or to justify remand. Plaintiff does nothing to show that the ALJ's duty to further develop the record would be triggered: he shows neither that any evidence is ambiguous nor that the record is inadequate to allow for proper evaluation of the evidence. *See Mayes*, 276 F.3d at 459-63. The Court should

find that the record is fully and properly developed. *See Briggs v. Colvin*, 634 F. App'x 621, 622 (9th Cir. 2016) (rejecting allegations of error in record, because "the entire administrative record [was] certified as accurate and complete," and so the "bare assertion that the [record] was altered is not sufficient to undercut the presumptive accuracy of that record").[2]

Attached to plaintiff's Reply are various medical records. (Docket No. 23-1). Plaintiff provides no explanation for what they are or why they are attached to the Reply. The documents are unauthenticated. Plaintiff does not argue that, or give any suggestion whether, the records should be part of the Administrative Record; nor does he address why they were not. Plaintiff makes no argument as to whether these documents would alter the disability analysis or whether the ALJ erred in not considering them, and does not move to supplement the Administrative Record. These documents are thus not properly before the Court, and the Court at this time should not consider them in regards to the Motion to Remand or the merits of plaintiff's case. Further, the documents, even if they were considered, would not alter the Court's findings or recommendations. Most of the records are from 2004, two years before the alleged onset of disability, and concern spine impairments and pain issues amply reflected elsewhere in the record. A few pages are from 2007, but relate to finger surgery, which is not relevant to any of plaintiff's arguments. Nonetheless, because the Court recommends remanding for further proceedings on other grounds, plaintiff may move to supplement the Administrative Record at the agency level, and if plaintiff properly does so, the ALJ may consider these records.

For these reasons, the Court should deny plaintiff's Motion to Remand.

---

[2] Although plaintiff is currently pro se, he was represented by counsel at the agency level. *Cf. Widmark v. Barnhart*, 454 F.3d 1063, 1068 (9th Cir. 2006) (noting that standards regarding ALJ's "special duties" to develop the administrative record are "particularly true" when the claimant is not represented by counsel).

## II. Review of the ALJ's Decision on the Merits

Plaintiff argues that the ALJ committed two errors: (1) not giving "serious weight" to the opinions of treating physician James Kern, M.D., and (2) not giving "serious weight" to plaintiff's glaucoma as a severe impairment. *See* Pl. Opening Br., at 2 (Docket No. 18).[3] The Court should find that the ALJ erred by not considering Dr. Kern's May 2016 functional capacity assessment, but did not err in not finding glaucoma to be a severe impairment

### A. Treating Physician Opinions

Treating physician James Kern, M.D., opined that "total disability is reasonable" for plaintiff given degenerative spine disease and chronic pain. Tr. 775. The ALJ gave this opinion "little weight," because Dr. Kern had been seeing plaintiff only briefly (under six months) when he provided this opinion. Tr. 32. The ALJ also found that Dr. Kern failed to address plaintiff's problems with prior medical providers, did not explain functional limitations that would prevent plaintiff from working, and rendered an opinion inconsistent with other doctors'. *Id.*

The weight given to the opinion of a physician depends on whether the physician is a treating physician, an examining physician, or a nonexamining physician. *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) (citing 20 C.F.R. § 404.1527). More weight is given to the opinion of a treating physician because the person has a greater opportunity to know and observe the patient as an individual. *Orn*, 495 F.3d at 631-32. If a treating or examining physician's opinion is not contradicted by another physician, the ALJ may only reject it for clear

---

[3] Plaintiff also accuses the ALJ of bias. Pl. Opening Br., at 5 (Docket No. 18). As support for this allegation, plaintiff points to an inconsistency between the hearing transcript and the ALJ's decision with regard to how often plaintiff moved his tent. Tr. 56, 26; *see also* Tr. 28. To establish a claim of ALJ bias, a plaintiff is "required to show that the ALJ's behavior, in the context of the whole case, was so extreme as to display clear inability to render fair judgment." *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001) (quotation omitted). An inconsistency regarding how frequently plaintiff moves his tent falls far short of such a showing. Plaintiff's allegation of bias lacks merit.

and convincing reasons supported by substantial evidence in the record. *Id.* at 632 (treating physician); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006) (examining physician). Even if it is contradicted by another physician, the ALJ may not reject the opinion without providing specific and legitimate reasons supported by substantial evidence in the record. *Orn*, 495 F.3d at 632; *Widmark*, 454 F.3d at 1066. "An ALJ can satisfy the 'substantial evidence' requirement by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quotation omitted). The opinion of a nonexamining physician, by itself, is insufficient to constitute substantial evidence to reject the opinion of a treating or examining physician. *Widmark*, 454 F.3d at 1066 n.2. Opinions of a nonexamining, testifying medical advisor may serve as substantial evidence when they are supported by and are consistent with other evidence in the record. *Morgan v. Comm'r*, 169 F.3d 595, 600 (9th Cir. 1999).

Dr. Kern began treating plaintiff in December 2015, and the record contains treatment notes from three appointments over three months. Tr. 709-18. Dr. Kern provided his "total disability" opinion in a brief letter on April 13, 2016. Tr. 775. Following the April letter, on May 2, 2016, Dr. Kern completed a four-page questionnaire, including a Residual Physical Functional Capacity Assessment. Tr. 849-52. In his decision, the ALJ briefly discussed Dr. Kern's treatment notes, but only described them, and did not give them a specific weight. Tr. 30-31. The ALJ assigned "little weight" to the April 2016 letter regarding "total disability." Tr. 32. The ALJ did not mention the May 2016 assessment and instead stated that "Dr. Kern did not explain specific functional limits that would keep claimant from working." Tr. 32.

The ALJ erred by failing to consider the May 2016 assessment. In that assessment, Dr. Kern assessed plaintiff's functional limitations in a number of areas: physical (lifting, standing,

walking, sitting, changing position, pushing, pulling, using extremities), mental (tolerating stress, maintaining attention, concentrating), and social (having "outbursts" while interacting with others, handling criticism). Tr. 850-52. Dr. Kern also assessed how these limitations would prevent plaintiff from staying on task, or would cause him to miss multiple days of work. *Id.* The ALJ should have considered this treating physician's medical evidence. *Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015); *Garrison*, 759 F.3d at 1012-13.

Defendant argues that the ALJ's reasons for discounting Dr. Kern's April 2016 opinion regarding "total disability" apply to his other opinions. The ALJ faulted Dr. Kern for not explaining specific functional limitations, Tr. 32, but the May 2016 assessment evaluates those very limitations. The ALJ faulted Dr. Kern for not addressing plaintiff's prior issues with medical providers, but the earlier treatment notes discuss those issues multiple times. *E.g.*, Tr. 709, 712, 714-15, 718 (possible drug-seeking and narcotics abuse); 709, 711-13, 715 (dissatisfaction over or conflict with providers); 712, 715 (complaints of misdiagnosis); 712, 715-16, 718 (resistance or reluctance towards treatment); 715 (disagreement over MRI studies).[4]

The ALJ's other reasons for giving Dr. Kern's April 2016 letter little weight may be applicable in determining how much weight to assign the May 2016 assessment. However, at most those reasons may support giving the May 2016 assessment reduced weight, not no consideration. The ALJ, on remand, should evaluate Dr. Kern's May 2016 assessment in accordance with the standards applicable to a treating physician's opinion. Because Dr. Kern's

---

[4] The ALJ also held that "Dr. Kern's opinion cannot apply before the date last insured because he did not treat him before then." Tr. 32. Defendant does not address this reasoning in her brief. However, this is not a valid basis to discount Dr. Kern's opinions; to the extent his opinions reflect plaintiff's impairments and their effects going back to before the date last insured, the opinions may be relevant and applicable. *Dunkel v. Colvin*, No. 6:15-cv-01664-JR, 2016 WL 4034800, at *5 n.2 (D. Or. July 26, 2016); *Difabio v. Colvin*, No. 3:15-cv-1018-SI, 2016 WL 3067035, at *5 (D. Or. May 31, 2016).

assessment conflicts with those of consultant examining physician Kim Webster, M.D., Tr. 483-91 (assessing, e.g., no limitations on standing, walking, or sitting), evaluating physician Paolo Punsalan, M.D., Tr. 634-38 (finding strength, gait, and station normal, with no difficulty walking; finding that MRI did not substantiate subjective complaints), and treating physician Michael Mason, M.D., Tr. 518 (finding "completely normal" electromyographic study and "normal neurological function"), the ALJ would be required to provide only specific and legitimate reasons supported by substantial evidence to discount it. *Orn*, 495 F.3d at 632.

Defendant argues that any error in failing to consider the May 2016 assessment is harmless, because, on the record as a whole, the ALJ would be compelled to find plaintiff not disabled, even considering the assessment. However, while there is evidence that weighs against a finding of disability, there is also considerable evidence of disc degeneration and associated pain. *E.g.*, Tr. 299 ("[s]pondylosis and degenerative disc disease at C4-5"), 309 ("[d]iscogenic degenerative changes . . . at the L4-5 and L5-S1 levels"), 322 ("moderate to marked degenerative disc disease at C5-6 and C6-7"), 447 (severe spinal canal stenosis), 517 ("patient has had extensive spinal surgery"), 613 ("multilevel degenerative disease resulting in variable degrees of neural foraminal and spinal canal narrowing"). It thus cannot be determined on review that the record as a whole supports only the conclusion that plaintiff is not disabled.[5]

The ALJ erred by not considering Dr. Kern's May 2016 assessment. On remand, the ALJ should consider this assessment in light of Dr. Kern's other opinions, other physician opinions, and the record as a whole.

---

[5] Plaintiff speculates that Dr. Kern relied on physical therapy notes from early 2016. Pl. Opening Br., at 5. (Docket No. 18). There is no record evidence to support this.

### B. Severe Impairments

At step two, the ALJ found that plaintiff's glaucoma was not a severe impairment, because he had surgery in 2012, was prescribed eye drops, and had the "glaucoma under control." Tr. 25. Plaintiff argues that glaucoma causes more than a minimal effect on his work ability, due to its chronic nature and resulting tunnel vision. Pl. Opening Br., at 7 (Docket No. 18). He argues that he continues to receive treatment for glaucoma, and even if it were "under control," that does not mean it has only a minimal effect on his ability to work. *Id.*, at 8.

At step two, the ALJ determines whether the plaintiff has a medically severe impairment or combination of impairments, based upon medical evidence. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is an "impairment or combination of impairments which significantly limits [the plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). "An impairment is not severe if it is merely a 'slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the ability to do basic work activities.'" *Webb*, 433 F.3d at 686 (quoting Social Security Ruling ("SSR") 96-3p, 1996 WL 374181 (July 2, 1996). "Basic work activities" are "the abilities and aptitudes necessary to do most jobs," such as physical functions (walking, lifting, pushing, reaching, etc.); capacities for seeing, hearing, and speaking; following instructions; using judgment; responding to supervisors and coworkers; and dealing with changes in routine work setting. 20 C.F.R. §§ 404.1521(b), 416.921(b). The threshold at step two is a low one: it is a "de minimis screening device used to dispose of groundless claims." *Webb*, 433 F.3d at 687 (alteration and quotation omitted). Omissions at step two are harmless if the ALJ subsequently considered the limiting effects of any omitted impairments. *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

Substantial evidence supports the ALJ's finding that glaucoma was not a severe impairment. The most recent medical records, from February 2016, indicate that the glaucoma is well-controlled. Tr. 32; 721. Substantial evidence supports this finding, including plaintiff's 2012 surgery to reduce intraocular pressure on the left eye, 467, and his use of eye-drops, 554-68. Plaintiff even concedes that his glaucoma is "under control." Pl. Opening Br., at 8 (Docket No. 18). "Impairments that can be controlled effectively with medication are not disabling . . . ." *Warre* ex rel. *E.T. IV v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006); *Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001). Plaintiff argues that the glaucoma is chronic and "more than a slight anomaly" with "more than a minimal effect" on his work ability, Pl. Opening Br., at 7 (Docket No. 18), but this does not meet the step two threshold: plaintiff must show significant limitation on work ability, and this he has not argued or proven. Plaintiff presents no evidence of functional limitations from glaucoma. His argument that he continues to receive glaucoma treatment supports the ALJ's finding, as the treatment keeps the glaucoma under control.

The ALJ did not err in not finding plaintiff's glaucoma to be a severe impairment.

**C.     Remedy**

It lies within the district court's discretion whether to remand for further proceedings or to order an immediate award of benefits. *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). "Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (citation and italics omitted). This "credit-as-true" rule has three steps: first, the court "ask[s] whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether

claimant testimony or medical opinion"; second, if the ALJ has erred, the court "determine[s] whether the record has been fully developed, whether there are outstanding issues that must be resolved before a determination of disability can be made, and whether further administrative proceedings would be useful"; and third, if the court "conclude[s] that no outstanding issues remain and further proceedings would not be useful," it may "find[] the relevant testimony credible as a matter of law . . . and then determine whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of the proceeding." *Treichler v. Comm'r*, 775 F.3d 1090, 1100-01 (9th Cir. 2014) (quotations, citations, and alterations omitted). The court may then "remand to an ALJ with instructions to calculate and award benefits." *Garrison*, 759 F.3d at 1020. If, "even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled," the court should remand for further proceedings. *Garrison*, 759 F.3d at 1021.

At the first step in the credit-as-true analysis, the ALJ erred in failing to consider Dr. Kern's May 2016 assessment. At the second step, however, the Court finds that outstanding issues remain, and that further administrative proceedings would be useful, specifically, on how much weight to assign Dr. Kern's opinions. Immediate award of benefits is not justified, and the Court instead recommends remand for further proceedings.

## RECOMMENDATIONS

For these reasons, the Court should DENY plaintiff's Motion to Remand/"Request for Immediate Remand." (Docket No. 20). On the merits, the Court should REVERSE the ALJ's decision and REMAND for further administrative proceedings.

**SCHEDULING ORDER**

The above Findings and Recommendations will be referred to a United States District Judge for review. Objections, if any, are due November 13, 2017. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendations will go under advisement on that date.

IT IS SO ORDERED.

DATED this 30th day of October, 2017.

/s/ Patricia Sullivan
PATRICIA SULLIVAN
United States Magistrate Judge